# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LYN WILLIAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>N. GRANNIS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-01828-OWW-LJO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO LODGE EVIDENCE WITH THE COURT AND FOR JUDICIAL NOTICE<br><br>(Doc. 7)<br><br>ORDER DIRECTING CLERK'S OFFICE TO RETURN LODGED DOCUMENTS TO PLAINTIFF |

     Plaintiff David Lyn Williams ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 8, 2007, plaintiff sent the court a stack of documents, some of which are originals and including a booklet of Title 15 regulations, together with a motion seeking leave to lodge the documents with the court and for judicial notice.

     The court cannot store plaintiff's evidence, and plaintiff should not submit any evidence to the court until there is a specific proceeding before the court requiring the submission of evidence (e.g., a motion for summary judgment or a motion to dismiss for failure to exhaust).  Further, plaintiff has already been warned that he should not submit original documents to the court, as documents are scanned into the record and then eventually discarded.  The court notes that plaintiff states he is unable to make copies and therefore has to submit the originals to the court.  <u>There is no proceeding before the court requiring the submission of exhibits and therefore, plaintiff should not be sending evidence to the court at this time.</u>  The court will not store plaintiff's evidence in

1

anticipation of some future proceeding during which the evidence will be at issue. Plaintiff's motion to lodge documents shall be denied and the Clerk's Office shall return the documents.

Plaintiff also seeks judicial notice, although he does not specify of what. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996) (internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997). "Matters may be judicially noticed in connection with pretrial motions as well as at trial." JUDGE ROBERT E. JONES ET AL., FEDERAL CIVIL TRIALS AND EVIDENCE § 8:935 (2006). At this juncture, there are no pretrial dispositive motions pending and this matter has not yet been set for trial.

Plaintiff did not request judicial notice of any fact appropriate for judicial notice. Further, any request for judicial notice at this juncture in the proceedings would be premature. The court will not take judicial notice of facts unless the request is made in conjunction with a timely pre-trial motion or trial.

1. Plaintiff's motion for leave to lodge documents with the court is DENIED;
2. Plaintiff's motion for judicial notice is DENIED; and
3. The Clerk's Office shall send back to plaintiff the evidence received on January 8, 2007.

IT IS SO ORDERED.

**Dated:   January 12, 2007**            /s/ Lawrence J. O'Neill
b9ed48                                                UNITED STATES MAGISTRATE JUDGE