# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LYN WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>N. GRANNIS, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:06-cv-01828-LJO-NEW (DLB) PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND MOTION FOR JUDICIAL NOTICE<br><br>(Docs. 23 and 24)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, AND DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Docs. 18, 19, and 20) |

　　　　Plaintiff David Lyn Williams ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　　　On April 13, 2007, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days.  Plaintiff filed an Objection to the Findings and Recommendations on May 18, 2007.  In addition, plaintiff filed a Motion for the Appointment of Counsel, and a Motion for Judicial Notice.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. Id. Therefore, plaintiff's motion for the appointment of counsel is denied.

Plaintiff seeks judicial notice of an Inmate Request for Interview form, and a memorandum from Warden Clay, in support of his Objection. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court will review the documents in conjunction with plaintiff's Objections. However, plaintiff is not entitled to judicial notice of the contents of the documents and his motion seeking such relief is denied.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. At this juncture in the proceedings, the Court only has jurisdiction over plaintiff, and is unable to issue any preliminary injunctions against prison officials. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation

of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).  Plaintiff's motions are denied.

      Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion seeking the appointment of counsel, filed May 18, 2007, is DENIED;
2. Plaintiff's motion seeking judicial notice, filed May 18, 2007, is DENIED;
3. The Findings and Recommendations, filed April 13, 2007, is adopted in full;[1] and
4. Plaintiff's motions seeking preliminary injunctive relief, filed March 16, 2007, and March 30, 2007, are DENIED.

IT IS SO ORDERED.

**Dated:   May 22, 2007**               /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff filed a Notice of Appeal of the Findings and Recommendations on May 18, 2007.  Although the filing of a notice of appeal generally divests a district court of jurisdiction to determine the "substantial rights" at issue in an action during the pendency of the appeal, Pyrodyne Corp. v. Pyrotronics Corp., 847 F. 2d 1398, 1403 (9th Cir. 1988), an exception to this rule exists where a deficiency in the notice of appeal "is clear to the district court." Ruby v. Secretary of the United States Navy, 365 F. 2d 385, 389 (9th Cir. 1966).  In such a case the district court may proceed with the case "knowing that it has not been deprived of jurisdiction." Id.  Because it is completely "clear to the district court" that no appeal lies from a Magistrate Judge's Findings and Recommendations, this court knows "that it has not been deprived of jurisdiction" over this action.