1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID LYN WILLIAMS,

11              Plaintiff,                    1:06-cv-01828 ALA P

12        vs.

13   N. GRANNIS, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

17   action pursuant to 42 U.S.C. § 1983.  By order filed April 13, 2007, Plaintiff's complaint was

18   dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended

19   complaint.

20        The court has reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A

21   and finds it does not state a cognizable claim against any defendant.  Plaintiff claims his

22   constitutional rights were violated in numerous ways, including being denied, "the basic

23   necessities of prison life, to be free from harm, access to the law library, access to the courts,

24   access to program and services, protection from sexual misconduct or invasion of privacy and

25   unnecessary searches."  Amended Complaint at 4.  However, Plaintiff does not state how any

26   named defendant participated in any alleged constitutional violation.  To proceed, Plaintiff must

1  file an amended complaint.

2        Any amended complaint must show that the federal court has jurisdiction and that

3  Plaintiff's action is brought in the right place, that Plaintiff is entitled to relief if Plaintiff's

4  allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

5  defendant only persons who personally participated in a substantial way in depriving Plaintiff of

6  a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

7  subjects another to the deprivation of a constitutional right if he does an act, participates in

8  another's act or omits to perform an act he is legally required to do that causes the alleged

9  deprivation).  If Plaintiff contends he was the victim of a conspiracy, he must identify the

10  participants and allege their agreement to deprive him of a specific federal constitutional right.

11        In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

12  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

13  Fed. R. Civ. P. 18(a).  If Plaintiff has more than one claim based upon separate transactions or

14  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

15        The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

16  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

17  heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

18  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

19        Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

20  directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

21  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

22  claim."); Fed. R. Civ. P. 8.

23        Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument,

24  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

25  defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

26  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

1  *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

2  Civil Procedure is fully warranted" in prisoner cases).

3      A district court must construe pro se pleading "liberally" to determine if it states a claim

4  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an

5  opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

6  the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

7  the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

8  *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

9      The court (and Defendant) should be able to read and understand Plaintiff's pleading

10  within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many

11  defendants with unexplained, tenuous or implausible connection to the alleged constitutional

12  injury or joining a series of unrelated claims against many defendants very likely will result in

13  delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action

14  pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

15      An amended complaint must be complete in itself without reference to any prior

16  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff

17  files an amended complaint, the original pleading is superseded.

18      Plaintiff is admonished that by signing an amended complaint he certifies he has made

19  reasonable inquiry and has evidentiary support for his allegations and that for violation of this

20  rule the court may impose sanctions sufficient to deter repetition by Plaintiff or others.  Fed. R.

21  Civ. P. 11.  Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may

22  be punished by prison authorities for violation of the court's rules and orders.  *See* 15 Cal.

23  Admin. Code § 3005.

24      A prisoner may bring no § 1983 action until he has exhausted such administrative

25  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

26  *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an

1  amended complaint he certifies his claims are warranted by existing law, including the law that

2  he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

3  his action.

4         Accordingly, IT IS HEREBY ORDERED that Plaintiff's May 18, 2007, amended

5  complaint is dismissed with leave to amend within thirty-five (35) days from the date of this

6  order.  Plaintiff shall file an original and one copy of the amended complaint, which must bear

7  the docket number assigned to this case and be titled "Second Amended Complaint."  Failure to

8  file an amended complaint will result in dismissal.  If Plaintiff files an amended complaint

9  stating a cognizable claim the court will proceed with service of process by the United States

10 Marshal.

11 /////

12 Dated: November 9, 2007

13                     /s/ Arthur Alarcón
                       UNITED STATES CIRCUIT JUDGE

14                     Sitting by Designation