# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LYN WILLIAMS,<br><br>          Plaintiff,<br><br>     v.<br><br>N. GRANNIS, et al.,<br><br>          Defendants. | CASE NO. 1:06-cv-01828-LJO-GSA PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 42) |

**Screening Order**

**I.     Procedural History**

Plaintiff David Lyn Williams ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 14, 2006.  On April 13, 2007, the Court dismissed Plaintiff's complaint with leave to amend for failure to comply with Federal Rule of Civil Procedure 8(a).  Plaintiff filed an amended complaint on May 18, 2007, and on November 13, 2007, the Court dismissed Plaintiff's amended complaint with leave to amend for failure to state any claims upon which relief may be granted. Plaintiff filed a second amended complaint on December 14, 2007.

**II.    Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1]  28 U.S.C. § 1915A(a).  The

---

[1] Plaintiff was incarcerated when he filed this action and is therefore subject to the Prison Litigation Reform Act.

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### III.     Plaintiff's Allegations

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also

by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff's second amended complaint does not set forth any cognizable claims. Plaintiff alleges, for example, "Acting as a Departmental Records Analyst for Jamestown, CCRA K. Devoll perverted and obstructed justice and the due administration of the law in conspiring to inflict harsher treatment and preferential treatment against Plaintiff in procuring or offering a fraudulent and or false instrument for record." (Doc. 42, court record pg. 3.) Plaintiff's entire complaint is comprised of multiple paragraphs with similar vague, conclusory language.

While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted). The "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted). Here, Plaintiff has not alleged any facts linking the named defendants to acts or omissions which violated any identifiable rights under federal law. For this reason, Plaintiff fails to state any claims under section 1983.

**IV.   Conclusion and Order**

Plaintiff was previously given two opportunities to amend to state a claim but is either unable or unwilling to do so. Accordingly, pursuant to section 1915A, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

IT IS SO ORDERED.

**Dated:   June 30, 2008**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

3